**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GORDON FLOWERS, MADELINE BROWN, AMINAT FAKUNLE, YVETTE PEREZ, DULCEMARIA RIVERA, PRINCE THOMAS, JESSIE TORRENCE, and ROCHELLE TORRENCE on Behalf of Themselves and Others Similarly Situated,<br><br>        Plaintiffs,<br><br>    -against-<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | No. 24-cv-07086 (ENV) (JAM) |

**STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION AND HARD COPY DOCUMENTS**

Plaintiffs Gordon Flowers, Madeline Brown, Aminat Fakunle, Yvette Perez, Dulcemaria Rivera, Prince Thomas, Jessie Torrence, and Rochelle Torrence ("Plaintiffs"), on behalf of the putative class, and Defendant United Parcel Service, Inc. ("UPS" or "Defendant") hereby agree that electronically stored information ("ESI") and hard copy documents shall be produced in the above-captioned action (the "Action") in accordance with the terms set forth herein.

## I.     DEFINITIONS

A.     The term "Bates Number" means a unique number affixed to each page of a document produced in the Action.

B.     The term "Custodian" means a particular person who has custody and control of a Document, as defined herein. The term "Non-Custodial Data Source" means a data source that is not kept or maintained by any particular custodian or individual, such as a Database System, shared drive, or departmental files.

C.     "Database System" means any system that is accessible consisting of a group of integrated files or information, which is stored in one location or distributed across multiple locations in a network, and made available to several users, and consisting of a tabulation of corresponding information which can be searched, organized, classified, and accessed.  "Database System" includes both corporate systems as well as personal computers and personal electronic devices where Electronically Stored Information ("ESI"),

1

MF-369997617

as defined herein, could be stored.

D.      For purposes of this protocol, the term "Document" means any and all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data, data records or data compilations — stored in any medium from which information can be obtained. "Document" shall include both Hard-Copy Documents and Electronic Documents as defined and subject to the terms herein.

E.      For the purposes of the limited scope of this Protocol, *see infra* II.B, the term "Electronic Document" means Documents existing in electronic form at the time of collection, including but not limited to: e-mail, word processing files (*e.g.*, Microsoft Word), PDF files, computer presentations (*e.g.*, PowerPoint), spreadsheets (*e.g.*, Excel), or digital information otherwise stored. For discovery subject to this protocol, the parties are not required to search through text messages (*e.g.* iMessages, SMS messages, WhatsApp messages), chats or direct messages (*e.g.* Direct Messages/DMs on Instagram or Facebook), and social media posts or messages. If, at a later date, the parties decide to seek such production they will meet and confer to negotiate a separate ESI Protocol for those Electronic Documents.

F.      The term "Electronically Stored Information" ("ESI") means "information that is stored in an electronic medium" (including storage in a Database System as defined herein) and includes Electronic Documents and Metadata as defined herein.

G.      The term "Hard-Copy Document" means Documents existing in paper or other tangible form at the time of collection.

H.      The term "Load File" means a file provided with a production set of Document images, Metadata, or other information that facilitates the loading/correlation of such information into/within a Receiving Party's document review platform.

I.      The term "Metadata" means corresponding data about an Electronic Document that is not in the primary content region of an Electronic Document and is generally not seen when such a Document is printed.

J.      The term "Native Format" means the format in which an Electronic Document was created and used (also referred to in terms of "Native Production").

K.      The term "Producing Party" means any party to the Action that produces Documents under this Protocol.

L.      The term "Receiving Party" means any Party to the Action that requests or receives Documents under this Protocol.

2

MF-369997617

**M.**     The term "Searchable Text" means the native text extracted from an Electronic Document and any Optical Character Recognition text ("OCR text") generated from a Hard-Copy Document or electronic image.

**II.    GENERAL**

**A.**     <u>This Protocol does not replace or otherwise obviate the need for the parties to produce relevant or responsive documents that can otherwise be identified absent this Protocol.</u>

**B.**     <u>This Protocol governs only the limited discovery ordered by Magistrate Judge Joseph Marutollo in the Court's March 31, 2026 and April 8, 2026 Orders. Should the parties proceed to full discovery in this case, this Protocol will not apply, and the parties will enter into a new ESI Protocol requiring separate approval by the Court.</u>

**C.**     <u>The parties shall not produce any Documents until the Court enters a protective or confidentiality order governing the above-referenced limited discovery.</u>

**D.**     The parties shall take reasonable and good faith steps to comply with the protocol set forth herein.  They agree to promptly alert all other parties concerning any technical problems associated with complying with this Protocol.  To the extent issues arise with respect to the production of ESI that are not contemplated by this agreement, the parties shall meet and confer in good faith prior to making an application for relief to the Court.

**E.**     This Protocol shall not enlarge or affect the proper scope of discovery in this Action, nor imply that discovery produced under the terms of this Protocol is properly discoverable, relevant, or admissible in this or in any other Action.

**F.**     Subject to the parties' objections and responses to requests for production of Documents in the Action, all non-privileged Documents that are responsive to discovery requests and are not otherwise protected from disclosure, if any exist and are located after a reasonable search, shall be produced in the manner provided herein.  Nothing in this Protocol shall be interpreted to require disclosure of materials that a party contends are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, and/or any other privilege or immunity from disclosure under contract or applicable law.  By entering into this Protocol, the parties do not waive any defenses or objections to any requests for production of Documents, all of which are expressly reserved.

**G.**     **Process for Amending**: This Protocol may be changed only by further agreement of the parties in writing or by Order of the Court and is without prejudice to the right of any party, upon a showing of good cause, to seek modification of this Protocol by application to the Court on notice to the other Party.

MF-369997617

H.      **Subsequently Joined Parties**: Parties joined to this action after the entry of this Stipulation and Order shall presumptively be subject to its terms, however, subsequently joined parties may seek modification of this Stipulation and Order either through further written agreement of all Parties, or upon a showing of good cause, by application to the Court on notice to the other Parties

I.      **Privilege Log**: The Producing Party shall provide a privilege log for Documents withheld in whole or in part on the basis of attorney-client privilege, work product protection, or any other applicable privilege or immunity. The privilege log shall be provided within a reasonable time following the production from which Documents are withheld and shall identify, to the extent not privileged, the following information for each withheld Document: (i) date; (ii) author(s); (iii) recipient(s), including those copied; (iv) general subject matter or description of the Document sufficient to assess the claim of privilege; and (v) the privilege or protection asserted. The parties agree that categorical privilege logs may be used where appropriate, provided that such categories are described with sufficient detail to permit evaluation of the claim of privilege. The parties further agree to meet and confer in good faith regarding any disputes concerning the scope or adequacy of privilege logging.

III.    **ESI PROCESSING, COLLECTION, AND REVIEW METHODOLOGY.**

A.      Whenever possible, ESI shall be collected in a manner that preserves metadata.

B.      **Relevant Time Period**: Unless otherwise agreed by the parties or ordered by the Court, the parties shall limit their searches for responsive Documents to the time period from October 8, 2021 through May 8, 2026. The parties may meet and confer in good faith regarding any request to expand or modify this time period based on a showing of good cause.

C.      The Producing Party has the right to fully review its ESI for responsiveness, privilege, confidentiality, and personally identifiable information prior to production of responsive, non-privileged documents. In addition, the Producing Party may use any appropriate tool or technology to conduct its review, including technology assisted review, as long as the review is conducted in a defensible manner.

D.      Format of Production.

   1.      **Electronic Documents:**  Electronic Documents shall be produced as single page TIFF files named "<PageID>.TIF (*e.g.*, "UPS00000005.TIF") (with no spaces in the file name), embossed with a Bates number for each image and an appropriate confidential designation consistent with the applicable protective order, with Metadata where appropriate, except as otherwise stated herein.  The Producing Party will take reasonable steps to produce relevant, non-

4

privileged attachments to Electronic Documents contemporaneously and in sequential order.

2.   **Parent-child relationships (association between an attachment and its parent document):**  These shall be preserved to the extent such relationships are maintained in the normal course of business in the source repository.  The attachment(s) shall be produced adjacent to the parent document in terms of the production numbers, with the first attachment named with the next sequential number after the parent, and any additional attachment(s) sequentially numbered after that first attachment.  If a document within a responsive family is fully withheld for privilege or, with respect to attachments only, for non-responsiveness, a Bates-stamped, single page TIFF placeholder stating either "Document Withheld for Privilege" or "Document Withheld for Non-Responsiveness" should be included as the corresponding image for the withheld file. This information should be reflected in the Contains Slip Sheet and Slip Sheet Language fields in the .DAT file. Any parent-child relationship will also be reflected in the DAT file.

3.   **<u>Hard-Copy Documents</u>:**  To the extent reasonably practicable, the parties shall convert Hard-Copy Documents to images.  Hard-Copy Documents shall be produced as black and white (or, if the original document is in color, and, upon request, in color), Group IV compression, 300-dpi single page TIFF files named "<PageID>.TIF (*e.g.*, "ECY00000005.TIF") (with no spaces in the file name), embossed with a Bates number for each image (with the document boundaries (BEGATT, ENDATT) contained in a separate file). Reasonable efforts shall be used to scan the pages at or near their original size and so that the image appears straight and not skewed. Physically oversized originals, however, may appear reduced (unless full- size images/copies are reasonably requested).  In addition, reducing image size may be necessary to display Bates Numbers and confidentiality designations without obscuring text.  All Hard-Copy Documents that have been converted to images will be processed through an Optical Character Recognition process (OCR).  Hard-Copy Documents shall be produced with the following fields:

| Field Name | Description |
| --- | --- |
| BegBates | Bates number on first page of each document |
| EndBates | Bates number on last page of each document |

4.   **<u>Native Production of Electronic Documents and ESI</u>:** Notwithstanding the above, the parties agree to produce Microsoft Excel and audio/video files natively. If a document is in such a format that a party cannot image the document pursuant to section III.E.1 without undue burden, the party may produce the document natively. A placeholder embossed with the corresponding confidentiality

5

MF-369997617

designation and Bates number shall be produced for all ESI produced in native format.  The placeholder should include the words "Document produced in native format." In the event a party requests native copies of other Documents, they shall be provided upon good cause shown.

5.    *Production for Databases*: To the extent there is a production of ESI contained in a database, in lieu of producing the database, the Producing Party shall generate a report in a usable and exportable electronic file (e.g., Excel or CSV format).  The parties may meet and confer regarding reasonable requests for specific data from identified fields in such report(s).

6.    <u>Searchable Text</u>:  The parties agree that they will produce Searchable Text for all Electronic Documents.  Likewise, the parties agree that they will produce Searchable Text for all Hard-Copy Documents that have been converted to images.

7.    <u>Metadata</u>:  For Electronic Documents, the parties agree to produce a Load File that contains the Metadata fields listed in Exhibit A if available and reasonably practicable to provide, and not  privileged.  There is no obligation on the Producing Party to create Metadata where none exists or is not reasonably available.

8.    <u>Custodian Identification</u>:  The parties agree to identify the custodian of each produced Document, to the extent applicable. Defendant shall be the custodian of any produced Document to the extent any such document is produced from a centralized system.  Subject to these terms, the parties will produce custodian information along with the Metadata for Electronic Documents and Hard-Copy Documents, to the extent available.

9.    <u>Date for Production</u>:  Pursuant to the Court's March 31, 2026 and April 8, 2026 Orders, the parties agree to complete production of limited discovery by June 8, 2026, unless a different date is agreed to by the parties and ordered by the Court.

## IV.    PRODUCTION SPECIFICATIONS

A.    <u>Generally</u>:  The parties will cooperate to ensure that the logistics of production are efficient and economical, including production media, Bates Numbering, Load Files and general organization of produced documents.

B.    <u>Production Media</u>:  Documents and ESI shall be produced via secure FTP site or another mutually agreeable production method.

C.    <u>Data Security</u>. The parties shall use reasonable measures to transfer, store, and maintain the documents and information exchanged in this action to prevent any unauthorized disclosure and maintain the security and integrity of

MF-369997617

electronic data and files. The parties shall follow the terms of the applicable protective and confidentiality order in the event of actual or suspected unauthorized disclosure of documents or information.

**D.**    **Bates Numbering:**  Each produced TIFF image or hard copy page will be labeled with a Bates Number on the bottom right-hand corner of each image, *e.g.*, BATES000001 (in a manner that does not obscure existing text in the Document). Each Document produced in Native Format will be named by its Bates Number, *e.g.*, BATES000001.xls.

**E.**    **Bates Prefixes:**  Bates prefixes shall follow the following format:

| Producing Party | Bates Prefix:  Hard Copy | Bates Prefix:  ESI |
|---|---|---|
| Yvette Perez | PEREZ | PEREZ |
| Dulcemaria Rivera | RIVERA | RIVERA |
| Prince Thomas | THOMAS | THOMAS |
| Jessie Torrence | JTORRENCE | JTORRENCE |
| Rochelle Torrence | RTORRENCE | RTORRENCE |
| UPS | UPS | UPS |

Dated: May 15, 2026

7

MF-369997617

_____
O. Andrew F. Wilson
Diane L. Houk
Laura S. Kokotailo

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, New York 10020

Maia Goodell

VLADECK RASKIN & CLARK, P.C.
111 Broadway, Suite 1505
New York, New York 10006


*Attorneys for Plaintiffs*



Dated:  Brooklyn, New York


_____

_____
Jessica Kaufman
Tiffani B. Figueroa
Justin A. Young

MORRISON & FOERSTER
250 West 55th Street
New York, NY 10019

*Attorneys for UPS*

**SO ORDERED:**


_____
**JOSEPH A. MARUTOLLO**
United States Magistrate Judge

8

MF-369997617

**EXHIBIT A**

The following default fields will be provided for all documents in production.

| Field Name | Description |
|---|---|
| Begin Bates | Beginning Bates Number of the Document. |
| End Bates | Ending Bates Number of the Document. |
| Confidentiality | Field populated with the appropriate confidentiality designation for the Document. |
| Custodians | Custodians identified during collection.  If multiple documents dedupe during processing, this field should be populated with all custodian values available. Includes a Non-Custodial Data Source where there is no Custodian. |
| Page Count | The number of pages in the Document. |
| BCC | Members of the BCC list in an email. |
| CC | Members of the CC list in an email. |
| Date Created | File system Date Created value. |
| Date Last Modified | File system Date Last Modified value. |
| Author | Value of the Author field from the Properties of the original file. |
| Subject | Value of the Subject field from the Properties of the original file. |
| Title | Title of the document from the Properties field of the original file. |
| Email_Subject | The Subject line of an email. |
| To | Members of the To list in an email. |
| From | Sender of an email. |
| Received Date | Date an email was received. |
| Received Time | Time an email was received. |

MF-369997617